ON MOTION FOR REHEARING
ERVIN, Judge.
On consideration of appellee/cross-appel-lant’s motion for rehearing, we withdraw our opinion of August 4, 1993, and substitute the following opinion therefor. Appellee/cross-appellant’s motion is otherwise denied.
Appellants/cross-appellees, Joseph and Maria Siminkas, and appellee/eross-appel-lant, contractor Donald R. Harrell, appeal the trial court’s awards of offsets for certain defects in the new home Harrell built for the Siminkases. Because it is unclear how the trial court arrived at the amounts for the faulty brickwork and sagging kitchen girder, in that they do not correlate with any individual expert’s testimony, we remand this case with directions to the court to make further findings and/or to clarify the basis for the awards.
In addition, the trial court failed to address the Siminkases’ claims for offsets relating to either the uneven family-room floor or the allegedly defective upstairs fireplace. In regard to the former, the evidence clearly reflects the existence of a defect, and there was no evidence to the contrary.[1] Accordingly, we remand the case to the trial court with directions to apply an offset for the faulty floor in an amount consistent with the evidence. Concerning the latter claim pertaining to the fireplace, we note that there was conflicting evidence as to whether a defect existed. While the trial court obviously had the option to reject or grant an offset, it failed to explicitly do either. We cannot determine from the judgment whether this failure was the result of inadvertence or constituted an outright rejection of the claim. We therefore remand the cause to the court in order for it to address this particular claim.
We affirm the court’s award of an offset for Harrell’s use of untreated lumber, and consider appellee/cross-appellant’s point regarding the failure to award it prejudgment interest premature in light of our remand to the trial court for further proceedings as to the above issues.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
WOLF, J., and WENTWORTH, Senior Judge, concur.

. In a motion for rehearing, appellee/cross-ap-pellant asserts this court overlooked the testimony of Harold Gainey, indicating that the floors on the second story were level and not wavy. Gai-ney's testimony, however, does not show that he was referring to the family-room floor. Nor does appellee/cross-appellant otherwise refer to any evidence in the record that would establish that the family room was on the second story.